## In re PLANTERS & MECHANICS BANK.
## KRAMER v. MOTHERSEAD, Bank Com'r.

No. 17639.    Opinion Filed Oct. 25, 1927.

(Syllabus.)

1. **Banks and Banking—Insolvent Banks— Assets Taken Over by Bank Commissioner Subject to Trusts.**

Where a Bank Commissioner, pursuant to law, takes charge of an insolvent bank for liquidation, he takes its assets subject to any trust impressed upon them.

2. **Same—Escrow Deposit as Trust Fund— Right of Depositor to Preference.**

Escrow or special deposit in bank to be held to further transaction between depositor and third person constitutes trust fund, which depositor may reclaim from assets in hand of State Bank Commissioner in preference to general creditors.

Error from District Court, Tulsa County: Edwin R. McNeill, Judge.

A. A. Kramer claiming a preference in favor of an escrow account deposited in insolvent Planters & Mechanics Bank, which was disallowed by O. B. Mothersead, Bank Commissioner, from an order and judgment of the district court sustaining the finding of the Bank Commissioner, appeal is prosecuted by claimant. Reversed and rendered.

Charles M. Bush, James P. Gilmore, and H. R. Williams, for plaintiff in error.

M. W. McKenzie, Gentry Lee, and W. T. Hunt, for defendant in error.

PHELPS, J.   A. A. Kramer, plaintiff in error and who appears in this record as claimant, was doing business under the firm name and style of Columbian Steel Tank Company, with his principal place of business in Kansas City, Mo. He entered into an escrow agreement with one H. R. Leland, which escrow agreement is, in the interest of clarity, herein set out in full, as follows:

"Escrow Agreement.

"This agreement made and entered into this 18th day of December. 1924, by and between the Columbian Steel Tank Company of Kansas City, Mo., of the first part, and H. R. Leland of Tulsa, Okla., party of the second part.

"Witnesseth, that, whereas, said party of the second part has entered into a contract with the Wilcox Company of Tulsa, Okla.,

for the sale of material for bolted tanks and the erection thereof and for the purpose of financing himself to properly carry out his contract with the said Wilcox Company, has this day arranged with the party of the first part to deposit in the Planters & Mechanics Bank of Tulsa, Okla., to the credit of the party of the second part the sum of $1,500 (fifteen hundred dollars), in escrow, for the purpose of meeting pay rolls for labor in the erection of the aforesaid tanks during the current month. All withdrawals of said fund to be returned to said bank by the party of the second part on or before the twentieth day of the following month for the purpose of reimbursing said aforesaid deposit for withdrawals therefrom. That upon notice to said aforesaid bank by party of the first part annulling this agreement or of the decease of the party of the second part, that all money then remaining on deposit in said bank in said aforesaid fund be immediately returned to the party of the first part by the said Planters & Mechanics Bank.

"Columbian Steel Tank Company,
"By A. A. Kramer.
"H. R. Leland."

Pursuant to such escrow agreement the Planters & Mechanics Bank of Tulsa accepted the $1,500 deposit provided for in the escrow agreement in a letter written by its auditor as follows:

"Planters & Mechanics Bank,
"Tulsa, Oklahoma.
"Columbian Steel Tank Company,
"Kansas City, Missouri.

"Gentlemen:

"We enclose herewith papers executed by H. R. Leland, and have placed the $1,500 to his credit for pay roll account, and will follow the terms of the escrow agreement, a copy of which we retain.

"Thanking you for the business, we are
"Yours very truly,
"Planters & Mechanics Bank,
"W. A. J. s　　W. A. Jacobs, Auditor."

Pursuant to the escrow agreement Leland drew checks against said account aggregating $491.50, which checks were honored and charged against the $1,500 deposit, leaving a balance in the account of $1,008.50, and with the account in this condition the bank failed and was taken over by the State Bank Commissioner, who appears in this litigation as defendant in error, and into whose hands there passed as assets of said bank more than $33.000 in cash and cash items.

Kramer filed his claim with such Bank Commissioner for the $1,008,50 remaining in such account, claiming the same to be a special deposit and therefore a preferred claim superior to the claim of general de-

positors in the bank. The Bank Commissioner refused to pay the claim as a preferred claim, holding that it was a general claim proratable with general depositors and creditors of the bank. The district court of Tulsa county sustained this holding, and Kramer prosecutes this appeal.

There is no dispute as to the facts, the sole question here presented being whether the balance remaining in this account is a preferred claim and should be paid to Kramer in full, or whether it is a general claim and payable proratably from the assets of the bank with other general creditors.

Very generous citation of authorities are found in the briefs of counsel for both parties, but under the very recent decisions of this court and under the undisputed facts reflected by the record in the instant case, the balance remaining in the account constituted a special deposit and was subject to priority. As supporting this view we shall not indulge in numerous citation of authorities or voluminous quotations therefrom, but simply refer to Mothersead, Bank Commissioner. v. Lewis, 117 Okla. 167. 245 Pac. 550, and Mothersead, Bank Commissioner, v. Harrington, 123 Okla. 179, 250 Pac. 483, and upon these authorities the judgment of the district court of Tulsa county is reversed and judgment rendered for plaintiff in error.

BRANSON, C. J., MASON, V. C. J., and LESTER. HUNT. CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 7 C. J. p. 735, §502. (2) 7 C. J. p. 751, §548.