**SHULL, Bank Com'r, et al. v. McMURRAY.**

No. 19775.   Opinion Filed Dec. 9, 1930.

Erman S. Price, M. B. Cope, and Counts & Counts, for plaintiff in error.

W. J. Hulsey and Lena Hulsey, for defendant in error.

DIFFENDAFFER, C.   The parties here will be referred to as plaintiff and defendants, as in the trial court.

The McAlester Trust Company, a state banking institution, was closed by the State Bank Commissioner as insolvent, and its assets were taken over for liquidation on the 4th day of February, 1927. Plaintiff commenced this action to recover the sum of $600 as a preferred claim.

W. H. McMurray & Company, a copartnership composed of W. H. McMurray and Pete Dominic, was engaged in buying and selling cotton. On September 17, 1926, it placed in the bank the sum of $600 as a margin to protect the bank against loss on account of cotton carried or drafts cleared for it in the course of its business, and the bank receipted for said sum in the following form:

"The McAlester Trust Company, a State Bank, McAlester, Oklahoma.

"September 17, 1926.

"Received from W. H. McMurray & Co., the sum of $600, as original margin on cotton account. This sum is to protect the McAlester Trust Company on cotton carried for or drafts cleared for W. H. McMurray & Company, and is to remain with the McAlester Trust Company until the debit cotton account of W. H. McMurray & Company is paid and satisfied. It is understood that the margin requirement is $20 per B/c at the approximate value of $100 per bale. It is also understood that W. H. McMurray & Co. will insure for full value all cotton it purchases, and policy, with loss clause pay-

able to the McAlester Trust Company, will be filed with the McAlester Trust Company.

"The McAlester Trust Company,

"By Cabell C. Cornish, Cashier.

"CCC/

"We understand that this $600 was furnished by Mae B. McMurray and same is unimpaired at the end of the season and liquidation of W. H. McMurray & Co. account is returnable to her as the proportion of unimpaired margin as concerned.

"The McAlester Trust Company,

"By Cabell C. Cornish, Cashier."

This $600 was deposited by plaintiff out of her funds, part being in cash and part by check drawn on a bank other than defendant bank.

W. H. McMurray & Company kept a checking account in the bank separate from the margin account.

Thereafter, an additional $600 was placed in the margin account which was paid in by check from the checking account of McMurray & Company, and a further sum of $200 which was paid in by check drawn on the personal account of Dominic.

When the bank was closed the margin account was undiminished in the total sum of $1,400, and McMurray & Company had in their checking account the sum of $221.72.

Of the margin account, Dominic paid in $700, McMurray paid in $100, and the balance, $600, was furnished and paid in by plaintiff as shown by the receipt above quoted.

After the bank was closed, E. H. Kelley was appointed liquidating agent and Dominic filed a claim for $110.86, as his share of the $221.72, remaining in the checking account and also filed claim for $700 as his half of the margin account. After this action was commenced, he was, on motion of defendants, made a party. He appeared and filed a disclaimer as to the $600 claimed by plaintiff. His claim for $100.86 had been allowed and he had been paid a dividend therein amounting to $35. But a draft drawn on McMurray & Company for $179.20, with interest totaling $180.75, was charged by the liquidating agent to the margin account, leaving as defendant's claim the sum of $1,219.25 in said account. Thereupon, the $110.86 representing McMurray's one-half of the balance in the checking account, and the $1,219.25 left in the margin account, were credited by defendant upon a personal judgment against W. H. McMurray, which the bank owned and which it had acquired from the American National Bank of McAlester.

In this manner both accounts were closed on the books of the bank.

Defendants defend upon the ground that the $180.75 draft paid by it was a loss arising on account of cotton carried for or drafts cleared for W. H. McMurray & Company, and was therefore properly chargeable to the margin account, and not against the checking account, and also upon the grounds that the margin account or deposit was a general and not a special deposit, and not in any sense a trust fund, and therefore applicable to the payment of general creditors.

The cause was tried to the court without a jury, resulting in a finding to the effect that the $600 furnished by plaintiff and deposited in the margin account was a special deposit and was by agreement of the bank to be returned to her if said account was unimpaired at the close of the season, and finding "that said account was unimpaired at the close of the season"; and a finding that on the date the bank was declared insolvent it held said sum of $600 under said agreement, and that said bank had sufficient funds with which to pay all preferred claims in full, and that plaintiff's claim constituted a preferred claim. Judgment was rendered accordingly, and defendants appeal.

Defendants contended below that the alleged balance of $1,219.25 left in the margin account was properly credited on, or offset against, the personal indebtedness of W. H. McMurray. But, in their brief, defendants admit that such appropriation was unauthorized, and "particularly when no showing was made that the partnership debts of the W. H. McMurray & Company had been paid."

It is contended here:

First. That the deposit of plaintiff under the agreement does not constitute a special deposit so as to entitle plaintiff to a preference; and

Second, if it was a special deposit, the item of $180.75 must be taken into account and made good out of the special deposit as an entirety, and plaintiff should be charged with 6/14 thereof, or the sum of $76.46, and judgment rendered for her for the return of her $600 less said sum of $76.46.

Defendants cite numerous authorities from other jurisdictions which they claim support their contention that the $1,400 margin account was not a special escrow account, as contended for by plaintiff, nor a special account of any kind, such as would entitle

plaintiff to a preference over general depositors and creditors of the bank.

We deem it unnecessary to review at length the authorities cited for the reason that we think the question has been settled against the contention of defendants by recent decisions of this court, and particularly by Kramer v. Mothersead Bank Commissioner, 127 Okla. 209, 260 Pac. 472. We think plaintiff's claim in the instant case is much stronger than that of claimant in Kramer v. Mothersead, Bank Com., supra. There the money was placed by Kramer to the credit of Leland, with authority in Leland to draw checks against same, with an obligation on his part to replenish the fund monthly, and the agreement on the part of the bank, upon notice from Kramer, who deposited the fund, terminating the agreement, or the death of Leland, the party for whose benefit it was deposited, to return all money remaining in the fund to Kramer. The deposit was there held to be special deposit entitling Kramer to a preference. Here the $600 was deposited by plaintiff, who was not a member of the firm of W. H. McMurray & Company for a specific purpose, to wit, to protect the bank on cotton carried or drafts cleared for W. H. McMurray & Company. The bank knew it was plaintiff's money, and also knew that it had come from sources other than her money in that bank. It had also signed an agreement to return this money to plaintiff, if at the end of the season the deposit remained unimpaired. When the bank closed, which of necessity closed "the season" as to all parties, the $600 then remained intact, and in addition thereto W. H. McMurray & Company had in said account their own money to the amount of $800. After charging the $180.75 draft paid by the bank to this fund, whether proper or not, there still remained in the fund $619.25 belonging to W. H. McMurray & Company, all of which was liable on account of such loss before the fund deposited by plaintiff would have become impaired. Plaintiff was clearly entitled to payment in full, if entitled to a preference. We think she was entitled to such preference under the rule announced in Kramer v. Mothersead Bank Com., supra, and the cases therein cited.

What we have said disposes of defendant's second contention. No part of plaintiff's deposit was liable to the payment of any loss until that part of the deposit made by W. H. McMurray & Company themselves had become exhausted.

The judgment should be, and is, hereby affirmed.

BENNETT, REID, HALL, EAGLETON, LEACH, TEEEHEE, and HERR, Commissioners, concur.

By the Court: It is so ordered.