**ESTES BATTERY & ELECTRIC SERVICE, Inc., et al. v. BIRCH et al.**

No. 23355.  Opinion Filed Sept. 13, 1932.

Frank E. Lee and Jas. C. Cheek, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Hagan & Gavin, for respondents.

CLARK, V. C. J. This is an original action in this court to review an order and award of the State Industrial Commission, made on the 15th day of January, 1932, in favor of respondent, David H. Birch, and

against the petitioners, Estes Battery & Electric Service, Inc., and its insurance carrier.

The award of the Industrial Commission finds that respondent Birch was paid eight days' compensation as temporary total disability. That thereafter respondent suffered a change in his condition for the worse; said condition being directly traceable to said injury of February 12, 1931, and awarded respondent compensation for temporary total disability at the rate of $18 per week from April 15, 1931, to May 15, 1931. The award further finds that respondent suffered a 15 per cent. permanent disability, and ordered payment of $18 per week for a period of 45 weeks for 15 per cent. permanent disability, same being based on 300 weeks.

The assignments of error in petitioners' petition are nine in number. Summing them all up the contention is that the evidence is insufficient to support the award, and that the same is contrary to law.

An examination of the record shows sufficient competent evidence to support the award.

The award for temporary total disability is according to law and affirmed.

The award for permanent partial disability is contrary to the law. The injury complained of was a back injury, and was not an injury to a specific member, and falls within the third subdivision of section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, S. L. 1923 [O. S. 1931, sec. 13356] and the same comes under other cases.

This court, in Texas Company v. Roberts, 146 Okla. 140, 294 P. 180, in the first and second paragraphs of the syllabus, said:

1. "Compensation for a permanent partial disability falls within the third subdivision of section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, S. L. 1923, and where such permanent partial disability is not one of those specifically mentioned, it falls within the classification of 'other cases', and is calculated upon the basis of 66 2/3 per cent. of the difference between the previous average weekly wage and the subsequent wage-earning capacity, and continues during such partial disability, but not to exceed 300 weeks."

2. "Such an award under 'other cases' (subdivision 3, section 7290, C. O. S. 1921, as amended) is for incapacity to work as a result of injury, which under a liberal interpretation of the law means compensation for loss of earning power of the workman as a result of injury, whether the loss manifests itself in inability to perform obtainable work or inability to secure work to do."

Clearly the injury complained of by respondent, claimant below, falls within this section of the statute.

The award for temporary total disability is affirmed, and the award for permanent partial disability is reversed, with directions for the Industrial Commission to determine liability, if any, according to the views herein expressed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 812, 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.